# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| ANGELA M. TYSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV424-209 |
| | ) | |
| KELLY TOURS AND GRAYLINE | ) | |
| OF SAVANNAH, GA., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Angel M. Tyson filed a Complaint alleging that she was discriminated and retaliated against in violation of Title VII of the Civil Rights Act of 1964. Doc. 1 at 3-4, 10-11. She also moved to pursue this case *in forma pauperis*. Doc. 2. After reviewing plaintiff's application, she does not appear indigent and her motion for leave to proceed IFP should be **DENIED**. Doc. 2.

Tyson discloses that her average monthly income for the past twelve months was $5,200. Doc. 2 at 1. She expects that her income will decrease next month to $3,128.36, as she will receive workman's compensation payments after an on-the-job injury. *Id.* Notwithstanding that decrease in income, she discloses that her monthly expenses total

$2,530.43, leaving her with $597.93 in expected discretionary income. *See id.* at 4-5. Taylor also discloses that she has almost $9,000 in funds available in checking or savings accounts and several hundred dollars in cash. *Id.* at 2. The amount of discretionary income, coupled with the available funds she discloses, preclude authorizing her to proceed *in forma pauperis*.

While a plaintiff need not be absolutely destitute in order to proceed IFP, *Adkins v. E.I. Dupont de Nemours*, 335 U.S. 331, 339 (1948), the fact that financing her own litigation may cause some difficulty is not sufficient to relieve a plaintiff of her obligation to pay her own way where it is possible to do so without undue hardship. *Thomas v. Secretary of Dep't of Veterans Affairs*, 358 F. App'x 115, 116 (11th Cir. 2009) (the Court has wide discretion in ruling on IFP application, and should grant the privilege "sparingly" in civil cases for damages). Two important points must be underscored. First, proceeding IFP is a privilege, not an entitlement. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198 (1993). Second, courts have discretion to afford litigants IFP status; it is not automatic. 28 U.S.C. § 1915(a)(1) (courts "*may* authorize the commencement" of IFP actions); *Denton v.*

*Hernandez*, 504 U.S. 25, 31 (1992); *see also Marceaux v. Democratic Party*, 79 F. App'x 185, 186 (6th Cir. 2003) (no abuse of discretion when court determined plaintiff could afford to pay the filing fee without undue hardship because he has no room and board expenses, owns a car, and spends the $250.00 earned each month selling plasma on completely discretionary items); *Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000) (the decision of whether to grant or deny IFP status under 28 U.S.C. § 1915 is discretionary). Given that it appears that Tyson has sufficient discretionary income and available funds to pay the Court's filing fee, she is not indigent. Accordingly, her application to proceed *in forma pauperis* should be **DENIED**.[1] Doc. 2. Should the assigned district judge agree with this recommendation, Plaintiff should be afforded 21 days from the date of the district judge's order to pay the filing fee. *See* S.D. Ga. L. Civ. R. 4.2(2).

---

[1] If Plaintiff believes the Court has misconstrued her financial situation, her opportunity to object to this Report and Recommendation, discussed below, provides her an opportunity to clarify it. She is reminded that any submission regarding her finances must be truthful. To the extent that Taylor wishes to clarify her financial condition, she is **DIRECTED** to complete Form AO 239 (Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)). The Clerk is **DIRECTED** to send Tyson a blank copy of Form AO 239 with this Report and Recommendation for her convenience. To the extent that she wishes to amend any of her prior disclosures, she must also explain why she did not fully or accurately disclose the information on her first application.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 17th day of September, 2024.

*/s/ Christopher L. Ray*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA